IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-MJ-1517

| | |
|---|---|
| **In re the Extradition of Hughes Lagadec** | **Order** |

Hughes Lagadec, a French citizen, is currently in federal custody in connection with an extradition request made by the Government of France. The question before the court is whether he should be released on bond during the duration of this matter.

The Supreme Court has held that "while bail should not ordinarily be granted in cases of foreign extradition" courts may release an extraditee on bail if "special circumstances" are present. *Wright* v. *Henkel*, 190 U.S. 40, 63 (1903). While this standard is fact specific and must be considered on a case-by-case basis, the extraditee must show by clear and convincing evidence that the circumstances justifying his or her release are "extraordinary and not factors applicable to all defendants facing extradition." *Nezirovic* v. *Holt*, 990 F. Supp. 2d 594, 599 (W.D. Va. 2013).

Lagadec initially claims that a special circumstance exists in this case because he did not flee France to avoid prosecution and, thus, is not a fugitive. This argument is unavailing because "American extradition treaties are usually construed to regard a fugitive as one who is charged with having committed a crime punishable under the laws of the demanding state, but who is not to be found in that territory after allegedly committing the crime." *United States ex rel Eatessami* v. *Marasco*, 275 F. Supp. 492, 496 (S.D.N.Y. 1967). There is no requirement that his presence in

the United States is the result of an attempt to avoid prosecution before the court can properly consider him to be a fugitive. *In re Ryan*, 360 F. Supp. 270, 272 n.4 (E.D.N.Y. 1973).

Next, Lagadec argues that health concerns justify releasing him on bond. During the detention hearing, witnesses and Lagadec's counsel stated that he has glaucoma, recently received treatment for a boil, and was hospitalized after a heart attack in the past. They also mentioned that his hands shake for an unspecified reason, he has a problem with his knee, he has some difficulty hearing, and has "slowed down" in recent years. This assortment of ailments "do not appear to be life-threatening, or so complex as to be beyond the capacity of federal authorities to manage while he is in their custody." *In re Extradition of Heriberto Garcia,* 761 F. Supp. 2d 468, 481–82 (S.D. Tex. 2010). Thus, his health condition does not rise to the level of a special circumstance justifying release. *See Nezirovic*, 990 F. Supp. 2d at 602 (citing cases).

Lagadec's counsel also raised concerns that the facility his client is currently housed at, Piedmont Correctional Institution, is incapable of providing adequate medical care for an elderly detainee. While there appeared to be some complications in making arrangements with the facility's medical providers upon Lagadec's admission, the court is not prepared at this time to order Lagadec's release on this ground. But if there are continuing material issues with Lagadec's care, the court may reconsider this issue.

Lagadec also argued that the length of time that passed since the offense allegedly occurred justify release. France did not issue an arrest warrant until June 2018 for events that allegedly occurred between 2011 and 2012. He points the court to *In re Extradition of Chapman*, 459 F. Supp. 2d 1024 (D. Haw. 2006), for the proposition that "[a] delay in bringing [an] extradition request also qualifies" as a special circumstance. Det. Hr. Memo. at 2, D.E. 16.

But that is not quite what *Chapman* holds. The *Chapman* court noted three special circumstances justifying release, the first of which was that "there is a high probability of delay in the extradition proceedings." *Id.* at 1027. The court went on to explain that that "[b]ecause the underlying offense occurred more than three years ago, it may be difficult to track down witnesses and prepare evidence for the hearing." *Id.* There is no indication that similar issues are present here and, thus, this argument is unpersuasive.

Lagadec's final two issues, the need to meet with his attorney and the need to wrap up his affairs before extradition, are common to every individual facing extradition. Thus, they do not rise to the level of special circumstances justifying release.

After considering the arguments made by counsel, the court concludes that Lagadec has not shown by clear and convincing evidence that there are special circumstances present here that justify his release on bond. Thus, the court orders that Lagadec shall be committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. While detained, Lagadec shall be afforded reasonable opportunity for private consultation with counsel.

And on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Lagadec is confined will deliver him to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 25, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge